### MARTIN v. FARRELL et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. TORTS—BASIS OF RECOVERY.
    Where parties wrongfully turn certain horses into a field where another horse is pasturing, whereby the latter is injured, recovery therefor does not depend on ownership of the horses, nor as to whether they were known to be vicious.

2. SAME—JOINT WRONGDOERS—RECOVERY.
    Where parties wrongfully turn their horses into a pasture with another horse whereby the latter is injured, on a showing that the injury was one fairly to have been anticipated, all persons participating in the act are joint wrongdoers, and recovery may be had against one or all.

3. SAME—ACTION—EVIDENCE—SUFFICIENCY.
    In an action for injuries to a horse resulting from a kick from another horse, two witnesses testified that one of the defendants said he had put several horses in a lot where plaintiff's horse was pasturing, and that he thought plaintiff's horse got hurt. *Held* sufficient to sustain a judgment against him for damages.

Appeal from Albany county court.

Action by David Martin against Joseph A. Farrell and another. From a judgment affirming a judgment of the Albany city court in favor of plaintiff, defendants appeal. Affirmed as to Joseph A. Farrell, and reversed as to John F. Farrell.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Scherer, Downs & Turner (Niel F. Towner, of counsel), for appellants.

Robert H. McCormic, Jr., for respondent.

CHASE, J.   The defendants and two other persons took a horseback ride in the evening of August 16, 1900, and returned to the residence of the defendants' father, in Albany, about 11 o'clock.   Adjoining the residence of the defendants' father were vacant lots inclosed by a fence, in which lots a horse belonging to the plaintiff was pasturing.   The stableman of the defendants' father not being present, one of the party took his horse away, and the three remaining horses were left in the public street or turned into the field with the plaintiff's horse.   The three horses were heard in the lots with the plaintiff's horse during the night, and they were seen there during the early part of the following day.   One of the three horses was seen to kick at the forward part of the plaintiff's horse, and the plaintiff's horse started away, limping on the left fore leg.   Subsequently the plaintiff found his horse in the lot with an injury on the left fore leg.   The lock securing the gate to said lots had been tampered with, and the staple holding the lock had been pulled out and driven in again.   This action is brought against the defendants for damages to the plaintiff's horse.   It is an action for a wrong.   The wrong consists in putting the horses into the plaintiff's field where his horse was pasturing.   It was a single wrongful act, although several were concerned therein.   This case does not depend upon the ownership of the horses, nor as to whether they were known to be vicious.   The rule that each person is liable only for damages done by his own animal does not apply.   If the injury to the plaintiff's horse was one fairly to have been anticipated from the wrongful act of turning the three horses into the lots, then all persons participating in the wrong were joint wrongdoers.   In such an action recovery may be had against one or all of the participants.   Usher v. Van Vranken, 48 App. Div. 413, 63 N. Y. Supp. 104.   The important question of fact herein is whether the defendants, and each of them, personally, or by directions to others, pulled the staple of the lock and turned the horses into the lots.   One of the witnesses, referring to the defendant Joseph A. Farrell, testified:

"Q. What did you tell him?  A. I asked him, did he put some horses in the pasture lot adjoining his house where he lived with his father, and he said, 'Yes,' he had.  'I was out,' he said, 'on horseback with some other parties, and we came home late and the stable was closed, and we couldn't put the horses in, so we put them in there for the night.' * * * I think Martin's horse got hurt.  I heard the horses having a lively time that night in the pasture lot."

Another witness, referring to a conversation with Joseph A. Farrell, testified:

"In the course of the conversation he told me that he and his brother John Farrell and another person had been out riding, and had returned home quite late at night,—too late to put the horse in the stable,—and that they had removed the lock, they didn't stop to go in and get the key, and had put the three horses which they used into the lot; that during the night he heard a great racket out in the field."

The denials of the defendant Joseph A. Farrell are not sufficiently explicit to overcome the effect of the testimony quoted, and the judgment as against him should stand. The evidence is not sufficient to justify the conclusion that the defendant John F. Farrell either pulled the staple of the lock on the gate, or took part in turning the horses into the lots.

Judgments of the county court and city court of Albany as against the defendant John F. Farrell reversed, and as against the defendant Joseph A. Farrell affirmed, without costs in this court. A new trial granted in the city court of Albany as against the defendant John F. Farrell. All concur.